IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JEREMY MCCORMICK**                                                                          **PLAINTIFF**

V.                                          NO. 3:21-CV-00063-JTK

**KILOLO KIJAKAZI,**
**COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION**[1]                                      **DEFENDANT**

## ORDER

**I.   Introduction:**

Plaintiff, Jeremy McCormick ("McCormick"), applied for disability benefits on February 8, 2019, alleging a disability onset date of December 13, 2018. (Tr. at 10). The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied McCormick's application on October 5, 2020. (Tr. at 17). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and McCormick has requested judicial review.

For the reasons stated below, the Court[2] affirms the decision of the Commissioner.

**II.   The Commissioner's Decision:**

The ALJ found that McCormick had not engaged in substantial gainful activity since the alleged onset date of December 13, 2018.[3] (Tr. at 12). The ALJ found, at Step Two, that

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the Defendant in this action. Fed. R. Civ. P. 25(d).

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

[3] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from

McCormick had the following severe impairments: osteoarthritis and allied disorders, spine disorders, and diseases of the esophagus. *Id*.

After finding that McCormick's impairments did not meet or equal a listed impairment (Tr. at 12-13), the ALJ determined that McCormick had the residual functional capacity ("RFC") to perform work at the light exertional level with exceptions: (1) he can lift 20 pounds occasionally and 10 pounds frequently; (2) he can sit, stand, and walk about 6 hours during an eight-hour workday; and (3) he has an unlimited ability to push/pull for as much as he can lift/carry as defined in 20 C.F.R. § 404.1567(b). (Tr. at 13).

The ALJ found that McCormick was unable to perform any of his past relevant work. (Tr. at 15). At Step Five, the ALJ relied upon Vocational Expert ("VE") testimony to find that, based on McCormick's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. at 17). Therefore, the ALJ found that McCormick was not disabled. *Id.*

**III.   Discussion:**

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing

---

performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

   B. McCormick's Arguments on Appeal

McCormick contends that the evidence supporting the ALJ's decision is less than substantial. He argues that the ALJ did not properly evaluate McCormick's subjective complaints and that he did not fully develop the record. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

McCormick's main complaints were related to his back, left knee, and bilateral feet and heels. X-ray and MRI imaging of those body parts revealed mild-to-moderate conditions. (Tr. at 362-362, 383-389, 665). McCormick required two left knee surgeries, three foot surgeries, and two back surgeries (Tr. at 32-40). Still, his doctors recommended conservative care like stretching and physical therapy, as well as medication management. (Tr. at 362-362, 560-563). The need for only conservative treatment contradicts allegations of disabling conditions. *Smith v. Shalala*, 987

F.2d 1371, 1374 (8th Cir. 1993).

McCormick also undertook chiropractic treatment for his back and experienced improvement after that. (Tr. at 588-605). He said pain medication helped with his symptoms, and in September 2020, he said his left knee was doing great. (Tr. at 35-36, 65, 406-409). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). With improvement, his doctors urged exercise and to continue activities as tolerated. (Tr. at 324-326, 350-352, 428-430, 658-660).

While McCormick said in September 2019 that his pain restricted all forms of travel (Tr. at 568-571), he also stated at the hearing that he traveled out of town with his wife to visit family. (Tr. at 13-15, 49-50). He said that was playing putt-putt and volleyball. (Tr. at 13-15, 416, 568-571). Such daily activities undermine his claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). In March 2020, McCormick told his doctor that he was walking 10,000 steps a day. (Tr. at 658-660). McCormick said at the hearing that he did not remember saying that. (Tr. at 75-76).

The ALJ properly considered these activities of daily living when he determined that McCormick's complaints were not entirely consistent with the record.[4] (Tr. at 13-15). The ALJ also discussed McCormick's pain, objective imaging, functional restrictions, treatment, and the

---

[4] When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ need not explicitly discuss each factor, and he may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Id*.

effectiveness of treatment. *Id*. And while McCormick argues that the ALJ ignored his work history, he questioned McCormick about that at the hearing and then discussed his past work at Step Four. (Tr. at 15). The ALJ properly assessed McCormick's subjective complaints.

Likewise, the record was fully developed.[5] The record contained objective test results, clinical exam findings, surgical notes, treatment recommendations, and doctors' observations.[6] It also contained the opinions of two Disability Determination services medical experts, who concluded that McCormick could perform light work. (Tr. at 13-15, 98, 113-114). The ALJ found these opinions to be persuasive. (Tr. at 13-15).

McCormick asserts that the ALJ should have gotten a treating physician opinion. But the ALJ is not required to obtain a treating physician's opinion when the record is sufficient to determine an RFC. *See Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (medical evidence, State-agency physician opinions, and the claimant's own testimony were sufficient to determine residual functional capacity). The record was fully developed.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly considered McCormick's subjective complaints and the record was fully

---

[5] An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a claimant has the burden of proving her disability; the ALJ does not have to play counsel for the claimant and the ALJ's duty to develop is not never-ending. *Id*.; *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011).

[6] In September 2018, his doctor suggested lifting no more than 20 pounds and no repeated bending. (Tr. at 324-326). This restriction did not appear to be permanent.

developed. The finding that McCormick was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 22th day of February, 2022.

_____
UNITED STATES MAGISTRATE JUDGE